

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00096-CV
_____

IN THE INTEREST OF Z.H. AND Z.H., CHILDREN

_____

On Appeal from the 307th District Court
Gregg County, Texas
Trial Court No. 2020-1156-DR

_____

Before Morriss, C.J., Stevens and Carter,* JJ.

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

## ORDER

Our review of the Appellant's brief in this matter indicates that it contains the identities of the minor children at issue in this parental-rights termination case in violation of Rule 9.8 of the Texas Rules of Appellate Procedure. Rule 9.8(b) states,

> (b) *Parental-Rights Termination Cases*. In an appeal or an original proceeding in an appellate court, arising out of a case in which the termination of parental rights was at issue:
>> (1) except for a docketing statement, in *all papers* submitted to the court, *including all appendix items submitted with a brief*, petition, or motion:
>>> (A) a minor must be identified *only* by an alias unless the court orders otherwise . . . .

TEX. R. APP. P. 9.8(b)(1)(A) (second, third, and fourth emphases added); *see also* TEX. R. APP. P. 9.9. The appellant's brief contains the real names of the minor children under the Statement of the Case section of the brief, as well as in the Order of Termination contained in the appendix to the brief.

To protect the identity of the children, we hereby strike the Appellant's brief and order that appellant refile his brief using *only* aliases for the minor children, in accordance with Rule 9.8 of the Texas Rules of Appellate Procedure. We further order that Appellant's corrected brief by refiled on or before January 26, 2022. We note that this is not a license for Appellant to revise the substance of his brief.

IT IS SO ORDERED.

BY THE COURT

Date: January 19, 2022